IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE HAYES, JR.,

       Plaintiff,

v.                                           Civil Action No.: 1:16cv66
                                           (Judge Bailey)

ERIKA JOHNSON/CUSTOMER
ACCOUNT TEAM LEAD, AMERICAN
HONDA FINANCE, CAPITAL
ONE/ATTORNEYS, and EXPERIAN/
REPRESENTATIVES,

       Defendants.

**REPORT AND RECOMMENDATION/OPINION RECOMMENDING ALL MOTIONS
TO DISMISS BE GRANTED AND PLAINTIFF'S COMPLAINT BE DISMISSED**

      This matter before the Court is pursuant to multiple dispositive motions [Doc. No. 10, 12, 14, 16, 22, 23] filed in this case. District Court Judge Irene M. Keeley issued an Order referring all motions to the undersigned for a Report and Recommendation (Doc. No. 4). This case was later transferred to the docket of District Court Judge John P. Bailey (Doc. No. 26).

**I. Procedural History**

      On March 9, 2016, Plaintiff Lawrence Hayes Jr., an inmate currently incarcerated at FCI Hazelton, filed a Complaint against Defendants in the Circuit Court of Preston County, West Virginia alleging (1) violations of the West Virginia Consumer Credit Protection Act; (2) violations of the Fair Credit Reporting Act; (3) defamation; and (4) breach of contract (Doc. No. 1). These alleged violations all appear to be related to Plaintiff's auto loan with Defendant American Honda Finance Corporation and a credit card account with Defendant Capital One Bank. Id. Plaintiff disputes the opening of these accounts and the subsequent debt attributed to

them. Id. On April 15, 2016, Defendant Capital One properly filed a Notice of Removal and removed this matter to the Northern District of West Virginia. Id.

On April 21, 2016, Defendants Capital One, American Honda, Ericka Johnson,[1] and Experian Information Solutions, Inc., all filed motions to dismiss Plaintiff's Complaint (Doc. No. 10, 12, 14, 16). The Court thereafter issued a *Roseboro* Notice informing Plaintiff that he could respond to the motions to dismiss on or before May 13, 2016 (Doc. No. 19). On May 2, 2016, Plaintiff moved for an extension of time to file responses to the pending motions (Doc. No. 30, 31). The Court subsequently granted it and ordered Plaintiff to file responses on or before June 12, 2016 (Doc. No. 33). Plaintiff, as of this date, has not filed any responses to the motions to dismiss.

On April 22, 2016, Plaintiff also filed motion for default judgment and motion for summary judgment against Defendant American Honda (Doc. No. 22, 23). Defendant filed responses on May 6, 2016 (Doc. No. 37, 38).

## II. Defendants' Motions to Dismiss

All four Defendants in this case have filed motions to dismiss Plaintiff's Complaint (Doc. No. 10, 12, 14, 16). Despite being granted an extension of time [Doc. No. 33], Plaintiff has not filed any responses to the pending motions to dismiss.

### A. Defendant American Honda Finance Corporation's Motion to Dismiss

Defendant American Honda filed its motion to dismiss on April 21, 2016 (Doc. No. 10). In its motion, Defendant moves for dismissal because "Complaint fails to contain sufficient facts to state cognizable claims . . . . [and] Mr. Hayes served [Defendant] with insufficient process." (Doc. No. 11 at 1). Regarding the assertion that the Complaint does not state a cognizable claim,

---

[1] Defendant Ericka Johnson is an employee of American Honda Finance Corporation (Doc. No. 13 at 1).

Defendant argues that no private right of action exists under the Fair Credit Reporting Act and that the Fair Credit Reporting Act preempts Plaintiff's claim under the West Virginia Consumer Credit Protection Act. Id. at 3–6. In addition, Defendant also states that the Complaint was not served properly and does not contain the factual evidence to support a defamation claim. Id. at 7.

## B. Defendant Ericka Johnson's Motion to Dismiss

Defendant Ericka Johnson filed her motion to dismiss on April 21, 2016 (Doc. No. 12). In her motion, she argues that the Complaint should be dismissed for three reasons: (1) Complaint failed to state a claim; (2) Court does not have personal jurisdiction; and (3) insufficient service of process (Doc. No. 13 at 1).

Specifically, Defendant states that no private right of action exists under the Fair Credit Reporting Act, the Fair Credit Reporting Act preempts Plaintiff's claim under the West Virginia Consumer Credit Protection Act, and that no evidence is in the Complaint supporting a defamation claim. Id. at 3–7.  In addition, Defendant states that the Court has no personal jurisdiction because Defendant lives in North Carolina and Plaintiff alleges "no facts that the alleged tortious conduct occurred in West Virginia." Id. at 8.

## C. Defendant Capital One Bank's Motion to Dismiss

Defendant Capital One filed its motion to dismiss on April 21, 2016 (Doc. No. 14). Much like its co-defendant, Defendant Capital One moves for dismissal for the following reasons: (1) insufficient service of process; (2) no facts supporting a breach of contract claim; (3) no private right of action under the Fair Credit Reporting Act; and (4) state law claims preempted by the Fair Credit Reporting Act (Doc. No. 15 at 4–16).

**D. Defendant Experian Information Solutions, Inc.'s Motion to Dismiss**

Defendant Experian filed its motion to dismiss on April 21, 2016 (Doc. No. 16). Again, like its co-defendants, Defendant argues that Plaintiff's Complaint should be dismissed for the following similar reasons: (1) no private right of action under the Fair Credit Reporting Act; (2) state law claims are preempted under the Fair Credit Reporting Act; (3) no evidence to support a defamation claim; and (4) no evidence to support a breach of contract claim (Doc. No. 17 at 3–16).

**III. Plaintiff's Motions for Summary Judgment and Default Judgment**

Plaintiff filed for default judgment against Defendant American Honda on April 22, 2016, due to Defendant's "failure to respond to the Plaintiff's claim" and for failure "to apply for any extension or provide satisfactory reasons in avering [sic] the Plaintiff's claim in whole or part" (Doc. No. 22 at 1). Likewise, Plaintiff the very same day filed a motion for summary judgment against Defendant American Honda for its failure to "rebut, refute, deny, oppose, or otherwise dispute" Plaintiff's claim (Doc. No. 23 at 1).

On May 6, 2016, Defendant American Honda filed a response to the motion for default judgment (Doc. No. 37). Defendant argues that default judgment is inappropriate at this time because it timely filed its motion to dismiss within the proper timeframe as allowed by the Federal Rules of Civil Procedure. Id. at 2.

Defendant American Honda also filed its response to the motion for summary judgment on May 6, 2016 (Doc. No. 38). Defendant states that summary judgment should be denied here because it is premature and Plaintiff has cited to no evidence in its motion to meet the burden of summary judgment under the Federal Rules of Civil Procedure. Id. at 2–3.

## IV. Discussion

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Motions to Dismiss

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, Rule 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Needing more than just "labels and conclusions," a complaint must provide factual support other than just a "formulaic recitation of the elements of a cause of action." Id.

### 1. The Fair Credit Reporting Act & West Virginia Consumer Credit Protection Act

Defendants American Honda, Ericka Johnson, Capital One, and Experian have all filed motions to dismiss based on the Complaint failing to contain sufficient facts to state cognizable claims (Doc. No. 10, 12, 14, 16). Conversely, Plaintiff is basing his claim for relief against Defendant through the Fair Credit Reporting Act and the West Virginia Consumer Credit Protection Act (Doc. No. 1).

The Fair Credit Reporting Act ("FCRA") is a comprehensive statutory scheme designed to regulate the consumer reporting industry. 15 U.S.C. § 1681(a). It sets responsibilities of furnishers of information to provide accurate information to reporting agencies. See 15 U.S.C. § 1681s-2(a) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").When reporting errors do occur, however, the Fourth Circuit Court of Appeals has held that "FCRA explicitly bars private suits for violations of § 1681s–2(a) . . . ." Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008). Furthermore, FCRA preempts state law claims that have its subject matter already regulated. See 15 U.S.C. § 1681t(b)(1); see also Ross v. F.D.I.C., 625 F.3d 808, 812–13 (4th Cir. 2010). As FCRA explicitly states, Plaintiff has no right to private action against any of the Defendants as it would be impossible for him to be able to state a claim for relief through those statutes. Thus, Defendants' motions to dismiss must be granted.

## 2. Contract Claim

In his Complaint, Plaintiff claims a breach of contract between himself and Defendants Capital One and Experian. (Doc. No. 1). To state of claim for breach of contract, a plaintiff must allege the following: (1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result. See Kanawha–Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc., 2011 WL 3022239, *10 (S.D. W. Va. July 22, 2011) (citing Executive Risk Indemnity, Inc. v. Charleston Area Medical Center, Inc., 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009)). Plaintiff has not alleged any facts, or any claim whatsoever other than the basic claim of breach of contract. This lack of sufficient

facts to support a claim falls well within the grounds for a dismissal under Rule 12(b)(6). See

Twombly, 550 U.S. at 55 (Complaint needs more than just "labels and conclusions").

### 3. Defamation

Plaintiff also alleges a defamation claim against Defendants American Honda, Ericka

Johnson, and Experian (Doc. No. 1). FCRA explicitly states that a consumer may not bring forth

an action based on the nature of defamation unless the information, which is deemed false, was

"furnished with malice or with willful intent to injure such consumer." 15 U.S.C. § 1681h(e)  In

determining malice from a claim of defamation, it must be shown that the statement at issue was

made with knowledge that the statement was false or with reckless disregard of whether it was

false or not. See New York Times Co. v. Sullivan, 376 U.S. 254, 280 (1964). Plaintiff's

Complaint does not include factual allegations to support this claim, including no facts related to

any of the Defendants' conduct, and as such the statute prohibits the claim. Therefore,

Defendants' motion to dismiss must be granted.

### 4. Personal Jurisdiction

Defendant Ericka Johnson also moves for dismissal based on the Court's lack of personal

jurisdiction (Doc. No. 12). When a federal court's personal jurisdiction is challenged under

Federal Rule of Civil Procedure 12(b)(2), it is ultimately the plaintiff's burden to prove that

jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v.

Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v.

Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "on

the basis only of motion papers, supporting legal memoranda and the relevant allegations of a

complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient

jurisdictional basis to survive the jurisdictional challenge." New Wellington Financial Corp. v.

Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005). "In determining whether the plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d at 627–28 (citation omitted); see also York v. Property and Casualty Ins. Co. of Hartford, No. 2:12cv06582, 2013 WL 5504435 (S.D. W. Va. Oct. 3, 2013) ("the statutory inquiry merges with the constitutional inquiry, and the two inquires essentially become one.") Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provide the basis for the suit. Carefirst, 334 F.3d at 397.

If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

No personal jurisdiction exists in this case. Defendant resides and works in North Carolina (Doc. No. 13 at 8). Furthermore, the alleged tortious conduct did not occur in West Virginia (Doc. No. 1). Accordingly, the undersigned cannot find that specific jurisdiction exists because Plaintiff has not availed herself of the privileges of West Virginia; the alleged activities from which the claims arose were not directed at the state; and the exercise of the personal jurisdiction could not be seen as constitutionally reasonable as the law clearly shows she would have no jurisdiction in this court. In addition, no general jurisdiction exists either because Defendant does not have "continuous and systematic" ties with West Virginia. Hence, Defendant's motion to dismiss must be granted.

### 5. Insufficient Service of Process

Defendants also move for dismissal based on the insufficient service of process. Federal Rule of Civil Procedure 12(b)(5) allows for dismissal based on "insufficient service of process". Fed. R. Civ. P. 12(b)(5). Rule 4 of the Federal Rules of Civil Procedure sets the guidelines on

how to properly serve a defendant. Rule 4(h) specifically outlines how to properly serve a corporation:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Rule 4(e) outlines how to serve and individual within a judicial district of the United States:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Defendants American Honda and Capital One are corporations, and as such, Rule 4(h) outlines the proper method of service. None of the methods of service outlined in the Rule were used. Instead, Plaintiff simply mailed the Summons and Complaint to Capital One/Attorneys at P.O. Box 30285, Salt Lake City, Utah 84130 [Doc. No. 1-1 at 7] and to Defendant American Honda at P.O. Box for a customer service department in Charlotte, North Carolina (Doc. No. 1-1 at 8). The mailing was not addressed to any officer, director, trustee, agent, or attorney in fact authorized by appointment or by statute to receive or accept service on its behalf. As the service was improper, it is grounds for a dismissal under Rule 12(b)(5).

Defendant Ericka Johnson was not properly served either. To properly serve an individual, a plaintiff would have had to deliver the summons and complaint personally to the

10

individual, or to leave a copy at the individual's usual place of abode with someone of suitable age and discretion who lives there. Fed. R. Civ. P. 4(e). Plaintiff served Defendant by mailing a copy to the same P.O. Box in North Carolina that he sent the summons and complaint for American Honda Finance, her employer. (Doc. No. 1-1 at 7). As that was deemed an improper service, this is also is grounds for a dismissal under Rule 12(b)(5).

### B. Default and Summary Judgment

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), an entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). It is well-established in the Fourth Circuit Court of Appeals that default judgments are to be granted sparingly. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

On the other hand, a grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). In applying the standard for summary judgment, a court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita Electric Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

Plaintiff's motion for default judgment against Defendant American Honda Finance asserts that Defendant "fail[ed] to respond to the Plaintiff's claim in the time allotted by virtue of the lawsuit itself" (Doc. No. 22 at 1). However, Defendant had filed a motion to dismiss [Doc. No. 10] seven days after removal from state court, which is valid under law. Fed. R. Civ. P. 81(c)(2)(C). Therefore, this Motion for Default judgement should be denied.

In his Motion for Summary Judgment, Plaintiff moves for summary judgment based on the allegation that Defendant "failed to rebut, refute, deny, oppose, or otherwise dispute" his claims in a reasonable time after being put on notice of the claim. (Doc. No. 23). However, Plaintiff has failed to demonstrate that there is no genuine dispute of a material fact that entitles him to judgment. Fed. R. Civ. P. 56(a). The only issue that Plaintiff alleges is that Defendant American Honda did not respond to his claims—yet, Defendant's Motion to Dismiss was filed on April 21, 2016 (Doc. No. 11). Thus, Plaintiff's Motion for Summary Judgement should be denied.

## <u>V. Conclusion</u>

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** the following:

1. Defendant American Honda Finance Corporation's "Motion to Dismiss" [Doc. No. 10] be **GRANTED**;

2. Defendant Ericka Johnson's "Motion to Dismiss" [Doc. No. 12] be **GRANTED**;

3. Defendant Capital One Bank's "Motion to Dismiss" [Doc. No. 14] be **GRANTED**; and

4. Defendant Experian Information Solutions, Inc.'s "Motion to Dismiss" [Doc. No. 16] be **GRANTED.**

The undersigned further **RECOMMENDS** that both Plaintiff's motion for default judgment [Doc. No. 22] and motion for summary judgment [Doc. No. 23] be **DENIED.** Finally, the undersigned also **RECOMMENDS** that Plaintiff's Complaint [Doc. No. 1] be **DISMISSED WITH PREJUDICE** and struck from this Court's docket.

Any party may, within **fourteen (14) days** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Date: June 29, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE